## WILLIAM W. ELLIOTT *vs.* WILLIAM CHESNUT and SAMUEL P. TOWNSEND.

### *Power of the holder of a Promissory note, to fill up blanks therein.*

The holder of a promissory note has a very large authority to fill up the blanks in the body of the note, and it is not necessary that the payee should be expressly named, if it can be fairly implied to whom the promise was made.

The holder of a note, when there is no *mala fides*, may fill up a blank therein with the name of the original payee, under an implied authority from the endorser and maker, in order to perfect the instrument according to the intent of the parties.

The note, in the body, or endorsement thereon, being left blank, gives *per se* authority to the *bona fide* holder to supply the omission.

APPEAL from the Circuit Court for Prince George's County.

This suit was instituted by the appellees in the Circuit Court for Prince George's county, to the April Term, 1862, against the appellant, on a note drawn by him in favor

of ———, for $610.89, and endorsed by *Hall & Anderson* to the appellees. The appellees claimed as the holders of the note.

On the calling of the case at the April Term, 1863, the plaintiff's counsel asked leave of the Court to fill up the blank in the body of the note by inserting the names of *Hall & Anderson* as the payees in the note, which the Court allowed him to do. The defendant excepted.

At the trial in November, 1865, the Court allowed the note so filled up, to be offered as evidence to the jury. The defendant again excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER, and ROBINSON, J.

*Thos. F. Bowie,* for the appellant:

No precise words are essential to the validity of a bill of exchange or promissory note, provided they amount to a promise to pay, and to pay some person in particular. *Byles on Bills,* 8 ; 1 *Parsons on Contracts,* 210. And there must be no uncertainty as to the payee. If there be any such uncertainty, the note will not be available at all, under the statute. *Story on Prom. Notes,* sec. 35 ; *Story on Bills,* sec. 52–54. Thus, where the maker promised to pay to A, or to B and C, a certain sum, it was held not to be a promissory note, within the Statute of Anne, by reason of the uncertainty as to the payee. *Byles on Bills,* 70 ; *Blackenhagan vs. Blundell,* 2 *B. & Ald.,* 417. If this be so, where the names of particular payees are actually inserted, but the uncertainty is as to whom the payment is to be made, *a fortiori,* will the note be invalidated in a case where there is no payee at all.

The payee should be particularly described, so that he cannot be confounded with another person of the same name. *Byles on Bills,* 57 ; *Mead vs. Young,* 4 *Term R.,* 28.

If filled at all, the blank should be filled with the holder's name. "If a blank be left for the payee's name, a *bona fide*

holder may fill it up with his own name, and recover against the drawer, but to charge the acceptor, the holder must shew that he had authority from the drawer to insert his own name as payee." *Cruchley vs. Clarance,* 2 *M. & Sel.,* 90 ; *Atwood vs. Griffin,* 2 *C. & P.,* 369 ; *Crutchley vs. Mann,* 5 *Taunton,* 529 ; *Byles on Bills,* 58 ; *Story on Promissory Notes, sec.* 37 ; *Story on Bills, sec.* 54.

‗But assuming that *Hall & Anderson* were at any time the holders of the note, before the action was instituted, they had no authority to transfer their rights, after action brought,·so as to give their tranferees a right of action. *Marsh vs. Newell,* 1 *Taunt.,* 109 ; *Jones vs. Lane,* 3 *Y. & C.,* 281 ; *Byles on Bills,* 127; *Chitty on Bills,* 217, note *h,* 219, *and n, a,* 224 *n, r, Chitty, Jr.,* 745.

*Daniel Clarke* and *Thomas G. Pratt,* for the appellees :

Although the power of the holder to fill up the note with the name of the payee, where the note is drawn without the name of a payee, has never been presented to this Court for decision, yet the question has been settled by analogous decisions. This Court has decided that in cases of a blank endorsement of notes, the holder has authority to fill up the endorsement, by writing everything over the endorser's name necessary to complete the endorsement, at any time before verdict. *Gist vs. Drakely,* 2 *Gill,* 330 ; *Hudson vs. Goodwin,* 5 *H. & J.,* 115 ; *Cumberland Bank vs. McKenly,* 6 *H. & J.,* 527 ; *Kiersted vs. Rogers & Graland,* 6 *H. & J.,* 282.

And although the holder of a note cannot recover in his own name on a note endorsed in blank, that is, where the blank is not filled up, yet now such a defect could not be availed of in this Court. *Ringold vs. Tyson,* 3 *H. & J.,* 172 ; *Bradley vs. Hunt,* 5 *G. & J.,* 54 ; *Boyd vs. McCann,* 10 *Md.,* 118 ; *Act of* 1825, *ch.* 35, *Code, Art.* 14, *sec.* 8.

The issuing of a note with a blank for the name of the payee, is an authority for a *bona fide* holder to fill it. *Atwood vs. Griffin,* 2 *C. & Payne,* 369; 2 *Robinson's Practice,* 134.

Elliott *vs.* Chesnut and Townsend.

STEWART, J., delivered the opinion of the Court.

The note upon which the suit below was instituted by the appellees, the holders of the note, against the appellant, the maker, was in *blank* as to the name of the payee; and upon the call of the case at the April term, 1863, the appellant took his first exception to the action of the Court, in permitting the appellees to fill up the *blank* with the names of Hall & Anderson as the payees, who were the parties that had endorsed the note to them.

At the trial, November term, 1865, the appellant took his second exception to the ruling of the Court, in allowing the note, so altered at bar, to stand, and to be offered as evidence to the jury. Both exceptions may be considered and disposed of together.

It is well settled, that *endorsements* in *blank* upon a promissory note, can be filled up at any time before verdict, to carry out the intention of the parties, upon the implied authority of the endorser to that effect, according to the commercial law regulating the transfer of such papers.

A bill payable to bearer, or a bill payable to order, and *endorsed* in *blank*, will pass by delivery, and bare possession is *prima facie* evidence of title, and for that reason possession of such a bill will entitle the holder to sue.

The Act of 1825, chapter 35, (embodied in the Code, Art. 14, sec. 8,) provides that "no judgment shall be set aside because of the endorsement being in blank, and in effect, gives to a plaintiff all the advantage from a *blank endorsement* as one in full, so far as his right of action is affected. Any holder, therefore, with a *blank* endorsement, may now sue in his own name." *Whiteford vs. Burckmyer & Adams,* 1 *Gill,* 146, 147.

"If the note is payable to order, the title will pass, by the endorsement of the payee to the person named in the endorsement; if they are *endorsed in blank,* then the title passes by mere delivery to the holder, in the same manner as if the endorsement were to the bearer." *Story on Prom. Notes, sec.* 43.

The holder of the note has also a very large authority to fill up the blanks in the body of the note. It is not necessary that the payee should be expressly named, if it can be fairly implied to whom the promise is made.

"The name of a person signed to a blank paper, for the purpose of having a promissory note written over it, will bind the party, when the note is written by a person properly authorized, in the same manner and to the same extent, and from the same time, as if it had originally been filled up, before the signature was made." *Story on Prom. Notes, sec.* 10.

"The *blank* note, or paper signed by the maker, may be afterwards filled up by any authorized person, according to the intent for which it is signed or endorsed, and in the possession of a *bona fide* holder, it will be held valid." *Story on Prom. Notes, sec.* 37.

If the note is signed by the maker, leaving a *blank* for the name of the payee, the holder, by virtue of the implied authority, can fill the *blank* with his own name; this is conceded on all sides. We see no reason, where there is no *mala fides*, why the holder may not fill the *blank* with the name of the original payee, under the implied authority from the endorser and maker, in order to perfect the instrument according to the intent of the parties. Under the commercial law, the instrument is what the maker designed it should be, in the hands of the *bona fide* holder; and when left in *blank* in the *body*, or the *endorsement*, may be filled up by the holder, according to its true intent and purpose. The note in the body, or endorsement thereon, being left *blank*, gives *per se* authority to the *bona fide* holder to supply the omission.

In the absence of fraud, the holder of the *blank* note is unquestionably authorized to perfect the instrument, according to the true design and intent of the maker.

When the holders, the appellees, in this instance proposed to fill up the blank in the note with the names of Hall & Anderson, the Court had the right to permit them to fill up

the blank accordingly,—which occasioned the appellant's first exception; and in the further progress of the case, to allow the note so filled up to stand and be offered as evidence to the jury, (of which the appellant complained in his second exception.)

Under these circumstances, the appellant was more fully informed of the character of the transaction, as represented by the holders of the note, and if he had any legal or meritorious defence to make to the note, according to its purport, as filled up, or could show that the appellees, as the holders, had, in truth, not the right to sue for and recover the same, he was deprived of none of his rights by the action of the Court, but had the opportunity, notwithstanding, to fully contest the suit.

*Judgment affirmed.*

(Decided 2d June, 1869.)